UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| MOHAMED ALAOUIE, | : | |
| Petitioner, | : | 08 Civ. 3277 (BSJ) (AJP) |
| -against- | : | **REPORT AND RECOMMENDATION** |
| SUPERINTENDENT R. ERCOLE, Greenhaven Correctional Facility, | : | |
| | : | |
| Respondent. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Barbara S. Jones, United States District Judge:**

      Pro se petitioner Mohamed Alaouie seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, from his January 3, 2001 conviction in Supreme Court, New York County, for criminal sale of a controlled substance, and sentence of five to ten years imprisonment. (Dkt. No. 1: Pet. ¶ 1; Dkt. No. 6: Am. Pet. Att. ¶¶ 1, 35-37.) Alaouie's habeas petition is dated January 16, 2008. (Pet. at p. 13.)

      For the reasons set forth below, Alaouie's petition should be <u>DENIED</u> as barred by the AEDPA's one year statute of limitations.

2

## FACTS

The First Department affirmed Alaouie's conviction on June 10, 2004.  People v. Alaouie, 8 A.D. 3d 86, 778 N.Y.S.2d 154 (1st Dep't 2004).  The New York Court of Appeals denied leave to appeal on August 26, 2004.  People v. Alaouie, 3 N.Y.3d 669, 784 N.Y.S.2d 8 (2004).

On or about January 30, 2006, Alaouie filed a motion for writ of error coram nobis in the First Department, alleging ineffective assistance of appellate counsel.  (See Dkt. No. 1: Pet. App. 46-57.)  The First Department denied the motion on May 30, 2006 (Pet. App. 97), and the New York Court of Appeals denied leave to appeal on August 22, 2006 (Pet. App. 108).  People v. Alaouie, 7 N.Y.3d 809, 822 N.Y.S.2d 484 (2006).

On April 1, 2008, Chief Judge Wood gave Alaouie sixty days to amend his petition in order to show why it was not time barred.  (Dkt. No. 5: 4/1/08 Order.)  Alaouie's Amended Petition claimed that "[f]rom January 2004 until November 2007 Petitio[ne]r has been hospitalized several times due to his ongoing psychiatric condition. During this same time period Petitioner has been [taking] heavy doses of psychotropic medication." (Dkt. No. 6: Am. Pet. ¶ 54.)  Alaouie also stated that his petition "raises an 'actual innocence' claim." (Id. ¶ 56.)

By Order dated November 24, 2008, I directed Alaouie to provide the Court with the dates of his psychiatric hospitalizations and information about the drugs he was taking.  (Dkt. No. 11: 11/24/08 Order.)  I also noted that although Chief Judge Wood's prior Order informed Alaouie "that for a claim of 'actual innocence,' he must present new reliable evidence that was not presented at trial," he had not done so, and I gave him another chance to present such evidence.  (Id. at 2 n.1.)

3

In response, Alaouie stated that he was hospitalized from January 9, 2004 through March 11, 2004, and was prescribed and took various medications from January 2004 through November 25, 2005. (Dkt. No. 15: Alaouie 1/14/09 Aff. ¶¶ 1, 4.) As to the "actual innocence" issue, Alaouie states that "he did not commit these crimes and if not [for] trial and appellate counsel[s'] ineffective assistance, Petitioner would have never been tried for the crimes he stands convicted." (Id. at p. 3.) Alaouie reiterates that "[t]he reliable evidence that was not presented at trial is the ineffective assistance of trial counsels failure to adequately represent petitioner. If trial counsel represented petitioner adequately petitioner would of [sic] been found not guilty." (Id. at pp. 6-7.) Alaouie then argues that he only had eleven jurors, not twelve, and that he was denied his state C.P.L. § 30.30 speedy trial rights. (Id. at pp. 7-8.)

## ANALYSIS

The AEDPA provides for a one-year limitation period:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Alaouie's conviction became final, and the AEDPA's one-year limitations period began to run, ninety days after the New York Court of Appeals denied leave to appeal, i.e., ninety

days after August 26, 2004, or November 24, 2004.  E.g., Williams v. Artuz, 237 F.3d 147, 150-51 & n.1 (2d Cir.), cert. denied, 534 U.S. 924, 122 S. Ct. 279 (2001).  (See Dkt. No. 5: 4/1/08 Order at 2.)  Accordingly, Alaouie was required to file his habeas petition by November 25, 2005.  (See also 4/1/08 Order at 2.)  Alaouie did not do so however until January 16, 2008 (Dkt. No. 1: Pet. at p. 13), over two years later.[1/]

   The pendency of a state collateral proceeding (such as a C.P.L. § 440 motion or coram nobis motion) tolls the one year period, 28 U.S.C. § 2244(d)(2), but it does not re-start the limitation period.  E.g., Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840, 121 S. Ct. 104 (2000).  Because Alaouie's coram nobis motion was not filed until January 30, 2006 (Pet. App. 46-57), after expiration of the AEDPA's one year period (on November 25, 2005), it does not re-start or toll the AEDPA limitations period.

   Even if illness could serve as a toll, petitioner Alaouie's hospitalization is of no help to him.  He only was hospitalized from January 9, 2004 through March 11, 2004 (Dkt. No. 15: Alaouie 1/14/09 Aff. ¶ 1), which is before the New York Court of Appeals denied leave to appeal and thus before the AEDPA limitations period even started to run.  And while Alaouie refers to certain medications he was taking through November 25, 2005, he does not present any evidence, or even any information, that the drugs prevented him from filing his habeas petition, or that he acted

---

[1/] The petition was not received by the Court's Pro Se Office until February 21, 2008.  There is no explanation as to what happened between January 16, 2008 and February 21, 2008.  Nevertheless, the Court will use the January 16, 2008 date, to give Alaouie every benefit of the doubt.

diligently thereafter to file his habeas petition. See, e.g., Baldazaque v. United States, 338 F.3d 145, 150 (2d Cir. 2003); see also, e.g., Torres v. Miller, 99 Civ. 0580, 1999 WL 714349 at *7-8 (S.D.N.Y. Aug. 27, 1999) (Peck, M.J.) (citing cases).

Nor has Alaouie established "actual innocence." As Chief Judge Wood stated in her April 1, 2008 Order:

> It is an open question in the Second Circuit, however, whether there is an actual innocence exception to the AEDPA's statute of limitations. See Whitley v. Senkowski, 317 F.3d 223, 225 (2d Cir. 2003); Lucidore v. New York State Division of Parole, 209 F.3d 107, 114 (2d Cir. 2000); . . . . Nevertheless, assuming such an exception exists, petitioner must detail his bare bone assertion of actual innocence.
>
> The Second Circuit has stated that "[i]n order to demonstrate actual innocence in a . . . collateral proceeding, a petitioner must present 'new reliable evidence that was not presented at trial' and 'show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" Lucidore, 209 F.3d at 114 . . . . Thus, to support his actual innocence claim, petitioner must provide facts establishing that in light of the evidence that no reasonable juror would have convicted him. In addition, he must show that he pursued his claim with reasonable diligence. See Whitley, 317 F.3d at 225-26.

(4/1/08 Order at 3.)

Alaouie has not presented any new evidence of his actual innocence. Rather, he merely argues ineffective assistance of counsel, largely related to "procedural" matters (number of jurors, speedy trial). (See page 3 above.) If Alaouie's argument was sufficient to constitute a claim of "actual innocence," the AEDPA limitations period essentially would disappear – the Court would have to determine the merits of every untimely habeas petition in order to determine if it was time barred. Alaouie has not presented the type of "new reliable evidence" of his actual innocence required by the Second Circuit. See, e.g., Murden v. Artuz, 497 F.3d 178, 194 (2d Cir. 2007) ("'To

demonstrate actual innocence a habeas petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.' This requires 'a stronger showing' than the showing of prejudice necessary to prevail on an ineffective assistance claim. Actual innocence requires not legal innocence but factual innocence.") (citations omitted), cert. denied, 128 S. Ct. 1083 (2008); Rossi v. Rivera, No. 06 CV 1001, 2006 WL 2095815 at *3 (E.D.N.Y. July 27, 2006) ("[P]etitioner's assertion that his plea was not knowing and voluntary due to his counsel's ineffectiveness is not 'new reliable evidence' . . . . Petitioner has not presented any evidence that suggests that he is 'actually innocent' of the crimes of which he was convicted. Rather, petitioner has merely argued that 'the presumption of innocence' should be restored due to the alleged ineffectiveness of his trial counsel. This suggestion falls far short of the evidentiary showing necessary to demonstrate actual innocence. . . .").

## CONCLUSION

For the reasons set forth above, Alaouie's habeas petition should be dismissed as time-barred by the AEDPA's one year statute of limitations. A certificate of appealability should not be issued.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Barbara S.

Jones, 500 Pearl Street, Room 620, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Jones (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

Dated:	New York, New York
	February 3, 2009

	Respectfully submitted,

	Andrew J. Peck
	United States Magistrate Judge

Copies to:	Mohamed Alaouie (Mail)
	Judge Barbara S. Jones