```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
                                 :
MOHAMED ALAOUIE,                 :
                                 :
              Petitioner,        :
                                 :    08 Civ. 3277 (BSJ)(AJP)
         v.                      :    Memorandum & Order
                                 :
R. ERCOLE, Superintendent,       :
Green Haven Correctional         :
Facility,                        :
                                 :
              Respondent.        :
--------------------------------x
```



**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court are the objections of Petitioner Mohamed Alaouie ("Petitioner" or "Alaouie") to the Report and Recommendation of Magistrate Judge Andrew J. Peck recommending the denial of Alaouie's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Court adopts the Report and Recommendation, overrules Alaouie's objections, and DENIES the Petition.

### BACKGROUND

Petitioner was convicted of criminal sale and possession of a controlled substance following a jury trial in New York State Supreme Court, New York County. (Am. Pet. ¶¶ 1-2.) The Appellate Division affirmed his conviction on June 10, 2004, People v. Alaouie, 778 N.Y.S.2d 154 (App. Div. 2004), and Petitioner's application for leave to appeal to the New York

Court of Appeals was denied on August 26, 2004.  People v. Alaouie, 3 N.Y.3d 669 (2004).

On or about January 30, 2006, Petitioner filed a motion for writ of error coram nobis with the Appellate Division.  (Pet. App. at 46-57.)  The First Department denied the motion on May 30, 2006 (Pet. App. at 97), and Petitioner's application for leave to appeal was denied on August 22, 2006, People v. Alaouie, 7 N.Y.3d 809 (2006).

On or about January 16, 2008, Petitioner filed an application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  On April 1, 2008, Chief Judge Kimba M. Wood issued an order providing Petitioner with sixty days to amend his petition to demonstrate why his claims were not time barred.  On June 20, 2008, Petitioner filed such an amended application.  This Court then referred Alaouie's habeas petition to Magistrate Judge Peck for a Report and Recommendation, and on February 3, 2009, Magistrate Judge Peck issued a report recommending that Alaouie's petition be denied as barred by the one year statue of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  On March 16 2009, Alaouie filed objections to Magistrate Judge Peck's Report.

2

**LEGAL STANDARD**

When a magistrate judge has issued findings or recommendations, the district court "may accept, reject, or modify [them] in whole or in part." 28 U.S.C. § 636(b)(1)(C). The Court reviews de novo any portions of a Magistrate Judge's report to which a petitioner has stated an objection. 28 U.S.C. § 636(b)(1)(C); see United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). "Where no objections are filed, or where the objections are 'merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition,' the court reviews the report for clear error." Brown v. Ebert, No. 05 Civ. 5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006) (quoting Gardine v. McGinnis, No. 04 Civ. 1819, 2006 WL 3775963, at *4 (S.D.N.Y. Dec. 20, 2006)).

**DISCUSSION**

Alaouie raises two specific objections to Magistrate Judge Peck's Report and Recommendation: (1) that he was unable to timely file his petition for habeas relief due to illness,[1] and (2) that his failure to timely file his petition should be excused because he is "actually innocent" of the crime of which

---

[1] Petitioner asserts he has been diagnosed with "post-traumatic stress disorder." (See Petitioner's Response to the Hon. Andrew J. Peck, U.S.M.J. Order, dated Jan. 14, 2009 at 2.)

3

he was convicted. The Court finds both of these arguments to be without merit.

## I. Petitioner's Illness

Petitioner argues that his failure to timely file his habeas petition should be excused due to his taking of psychotropic medication and frequent hospitalizations at a psychiatric center. The Court disagrees.

The AEDPA creates a one-year limitations period in which state prisoners can file applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1); see Smith v. McGinnis, 208 F.3d 13, 15 (2d Cir. 2000). The one-year limitations period starts to run when the state criminal judgment becomes final or the time period for seeking direct review expires, and is tolled during the pendency of a state collateral proceeding. 28 U.S.C. § 2244(d)(1)-(2). Equitable tolling of the AEDPA's one year statue of limitations is available "only in the 'rare and exceptional circumstance[].'" Smith, 208 F.3d at 17 (quoting Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir. 1999)). In order to equitably toll the limitations period, a petitioner must show that "extraordinary circumstances prevented him from filing his petition on time" and demonstrate that he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see Valverde v. Stinson, 224 F.3d 129, 133-34 (2d Cir. 2000). Though the Second Circuit has not specifically addressed

4

whether illness may toll the AEDPA's statute of limitations, in other contexts "courts have found that illness may be [such] an exceptional circumstance." Mendez v. Artuz, No. 99 Civ. 2472, 2000 WL 991336, at *2 (S.D.N.Y July 19, 2000); see Rhodes v. Senkowski, 82 F. Supp. 2d 160, 168-69 (S.D.N.Y. 2000).

In this case, the New York Court of Appeals denied Petitioner's application for leave to appeal on August 26, 2004, and the AEDPA's one-year limitation period began to run ninety days later, on November 24, 2004, when Petitioner's time to seek direct review via certiorari expired. See 28 U.S.C. § 2101(d); U.S. Sup. Ct. R. 13(1); Clay v. United States, 537 U.S. 522, 532 (2003); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). As a result, Petitioner was required to file his habeas petition with this Court by November 25, 2005; Petitioner did not, however, file his petition until over two years later on January 16, 2008.[2] Petitioner claims that both his hospitalizations and his taking of psychotropic and other types of medication prevented him from timely filing his petition. More specifically, Petitioner asserts that he was hospitalized (1) from January 9, 2004 until March 11, 2004, (2) from July 8, 2006 until November 30, 2006, and (3) from June 11, 2007 until November 7, 2007. (Petitioner's Objections at 2.) Petitioner

---

[2] As Magistrate Judge Peck noted, Alaouie signed his petition on January 16, 2008, but it was not received by the Court's Pro Se Office until February 21, 2008.

5

also alleges that he was prescribed numerous medications during his hospitalizations, that he was prescribed Seroquel (among other drugs) from January of 2004 until November or December of 2005, and that he is currently taking Zyprexa and Rameron. (Petitioner's Objections at 2-4.) Petitioner emphasizes that Seroquel "prevented [him] from doing anything" and "affected [his] daily movements which prevented [him] from litigating [his] case and missing the deadlines." (Petitioner's Objections at 4-5.)

As an initial matter, none of the hospitalizations Petitioner alleges occurred during the one-year period — November 24, 2004 to November 25, 2005 — in which Petitioner could have filed for habeas relief. Although Petitioner does allege that he was on Seroquel during this time period, those allegations are insufficient to meet the high standard necessary to justify tolling. With the exception of his own broad statements — such as Seroquel prevented him from "doing anything" — Petitioner has provided the Court with no evidence Seroquel's effects were severe and debilitating enough to prevent him from being able to file his petition during the AEDPA's one-year limitations period.³ See Barbosa v. United

---

³ Although Petitioner alleges that Seroquel was taken off the market in 2007 or 2008 because it left patients in a "sleepy state" and caused diabetes, Petitioner has provided no evidentiary support for this allegation. Indeed, a review of AtraZeneca's 2008 annual report reveals that Seroquel sales were up 9% in 2008 to over $4.45 billion; the annual report contains no indication

6

States, No. 01 Civ. 7522 (JFK), 2002 WL 869553, at *2 (S.D.N.Y. May 3, 2002) (stating that "[a] petitioner's allegations of illness must be supported by evidence and not based merely on the petitioner's own conclusions"); see also Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000) (finding outside of the AEDPA context that a plaintiff's "conclusory and vague" description of her illness, "without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights, is manifestly insufficient to justify any further inquiry into tolling"). With respect to any other medications he may have been taking during that same time period, Petitioner has failed to even describe any alleged impact they had on his ability to file his petition.  In sum, Petitioner has failed to produce sufficient evidence that between November 24, 2004 and November 25, 2005 he was "so incapable of rational thought that [he] could not appreciate [his] situation, or lacked the wherewithal to ascertain that [he] must take legal steps."  United States v. White, No. 05 Civ. 6476 (DC), 2005 U.S. Dist. LEXIS 29070, at *7-8 (S.D.N.Y. Nov. 7, 2005) (citation omitted).  Accordingly, the Court finds Petitioner's objection that the AEDPA's statute

---

that Seroquel has been removed from the market.  See AstraZeneca Annual Report and Form 20-F Information 2008, available at http://www.astrazeneca-annualreports.com/2008/downloads/AZ_AR08_Full.pdf.

of limitations should be tolled due to his illness to be without merit.[4]

## II. Actual Innocence

Petitioner additionally argues that his petition should not be barred by the limitation period because he is "actually innocent" of the crime of which he was convicted. The Court disagrees.

In the Second Circuit, it is unclear if there is an actual innocence exception to the AEDPA's statute of limitations. See Whitley v. Senkowski, 317 F.3d 223, 225 (2d Cir. 2003); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 114 (2d Cir. 2000). Even assuming such an exception exists, however, to succeed on such an argument a petitioner must provide "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial" and demonstrate that it is "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Doe v. Menefee, 391 F.3d 147, 161-62 (2d Cir. 2004) (quoting Schlup v. Delo, 513 U.S. 298, 324, 327 (1995)) (internal quotation marks omitted). Actual innocence requires a showing of "factual innocence," not

---

[4] The Court also notes that the Petitioner's filing of his motion for writ of error coram nobis does not toll the AEDPA's statue of limitations in this case because that motion was filed only after AEDPA's limitation period had run.

8

just "legal innocence." Murden v. Artuz, 497 F.3d 178, 194 (2d Cir. 2007).

In this case, Petitioner asserts several reasons why he is "actually innocent" of his crime: (1) his trial counsel did not inform the court that he was a mental health patient receiving treatment on a weekly basis and being prescribed medicine during the entire court proceedings; (2) only eleven jurors — as opposed to twelve — decided his case; (3) his speedy trial rights were violated; and (4) he received ineffective assistance of both trial and appellate counsel. These assertions, however, do not constitute "new reliable evidence" that Petitioner is not guilty. Indeed, none of the grounds Petitioner asserts are relevant to whether Petitioner committed the crime with which he was charged and convicted. Instead, they concern the propriety of the trial procedures themselves — whether counsel was ineffective, whether Petitioner's speedy trial rights were violated, whether Petitioner was afforded the requisite number of jurors, and whether Petitioner was competent to stand trial, and whether Petitioner's attorney was ineffective for not raising Petitioner's mental health status with the trial court. Accordingly, because Petitioner has not presented new and reliable evidence that he is actually innocent of the crime with which he was charged and convicted, Petitioner's objection that

the AEDPA's statute of limitations should be tolled based on his "actual innocence" is without merit.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation of Magistrate Judge Peck in its entirety and DENIES Alaouie's Petition for a Writ of Habeas Corpus. Because Alaouie has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this order would not be taken in good faith. The Clerk of the Court is directed to close this case.

**SO ORDERED:**

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         July 8, 2009